UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUREN WHITTEMORE,<br><br>                             Plaintiff,<br><br>     v.<br><br>ANDERSON BUSINESS ADVISORS, LLC,<br><br>                             Defendant. | Case No. 2:19-cv-01116-KJD-BNW<br><br>ORDER |

Presently before the Court is Defendant's Motion to Enforce Terms of Stipulated Resolution (#32). Plaintiff filed a response in opposition and countermotion (#34) to which Defendant replied (#38).

Plaintiff filed her complaint in this action on June 26, 2019. On or about October 1, 2019, the parties reached a resolution at the Early Neutral Evaluation ("ENE"). The parties put the material terms of the settlement agreement on the record. They were later reduced to a writing ("the Settlement Agreement"), which Plaintiff executed on or about December 10, 2019. Defendant asserts that the check for the settlement funds has been prepared by Defendant, but despite having received and executed the Settlement Agreement has not sent the check to Plaintiff.

Defendant asserts that a joint motion to strike, redact or seal the complaint was a contemplated part of the settlement. Plaintiff argues that it was not part of the written Settlement Agreement, though Plaintiff's counsel was contemporaneously emailing suggested redactions while forcing the magistrate judge to hold a nearly endless string of status conferences. Having carefully reviewed the transcript of the settlement terms put on the record at the ENE and the evidence submitted by the parties in support of their motions, it is clear that an agreement to strike, redact or seal the complaint was made. Further, the manner in which this is accomplished

has always been at the discretion of the Court, because the parties cannot come to an agreement to bind the Court.

Accordingly, the Court grants the motion to enforce the terms of the stipulated resolution and Plaintiff's countermotion. Since the Plaintiff has executed the Settlement Agreement, Defendant is ordered to pay the settlement funds forthwith. Failure to do so will result in sanctions. In order to effectuate the intent of the parties and the terms of the Settlement as put on the record at the ENE, the Court orders the complaint sealed, unless and until the parties can submit a stipulation to strike the complaint (redaction is problematic). The Court retains jurisdiction to unseal the complaint as needed for judicial purposes.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Enforce Terms of Stipulated Resolution (#32) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Countermotion (#34) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant deliver the settlement funds forthwith;

IT IS FURTHER ORDERED that the Clerk of the Court **SEAL** the Complaint (#1).

Dated this 30th day of September 2020.

Kent J. Dawson
United States District Judge